**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY BARNETT, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 26 C 8843<br>Chief Judge Virginia M. Kendall |
| VVF ILLINOIS SERVICES LLC, | ) | |
| *Defendant*. | ) | |

**OPINION & ORDER**

Plaintiff Jeremy Barnett filed a three-count Complaint in the Circuit Court of the Sixteenth Judicial Circuit in Kane County, Illinois. (Dkt. 1, Ex. 1). Defendant VVF Illinois Services LLC (VVF) successfully removed Barnett's case to the Northern District of Illinois under 28 U.S.C. § 1441. (Dkt. 1). VVF filed a Partial Motion to Dismiss Barnett's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). (Dkt. 11). For the foregoing reasons, VVF's Motion to Dismiss is granted. [11].

**BACKGROUND**[1]

Barnett, an African American man, began working for VVF on June 19, 2023, as a production line mechanic. (Dkt. 1, Ex. 1, at 2). While employed at VVF, Barnett joined the United Food & Commercial Workers Local 1546 Union ("Union"). (*Id.*) Barnett began to experience racial discrimination in July of 2023. (*Id.*) For example, Barnett, who had not completed his mandatory 90-day training program, had to work the night shift at VFF; whereas, none of his white

[1] The Plaintiff set forth the following facts in his Complaint. (Dkt. 1, Ex. 1). The Court accepts these facts as true for purposes of the Defendants' Motion to Dismiss. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022).

co-workers had to do the same. (*Id.*) Barnett, on July 23, reported this to his Union Steward, John Young, and his Production Line Manager, Robert Craven. (*Id.*) Barnett reached out to Young and Craven again in July of 2023 about his lack of training, but no one responded to his complaints. (*Id.*) As Barnett continued to work, he realized he received more assignments than his non-black coworkers. (*Id.*) Again, in September of 2023, Barnett reported instances of discrimination to Young and Craven, but neither responded. (*Id.*) Barnett continued experiencing acts of discrimination and informed his supervisors of his concerns. (*Id.*) These reports repeatedly fell on deaf ears. (*Id.*)

On February 13, 2024, Barnett arrived at VVF to start his shift. (*Id.*) When he arrived, Barnett discovered line 13, one of the operating machines, had been down and the employees on the previous shift could not repair the machine. (*Id.* at 3) When Barnett went to tell his Production Supervisor about the problem, his supervisor screamed at him and called Barnett the N-word. (*Id.* at 4). After the machine remained broken, the VFF suspended Barnett for allegedly refusing a work assignment. (*Id.*) Barnett filed a grievance with the Union and reached out to the Equal Employment Opportunity Commission ("EEOC"). (*Id.*)

Barnett filed an official grievance with the Union and his Union representative on February 15, 2024. (*Id.* at 5). When Barnett met with his new Union representative, Vianney Galvin, on February 23 to discuss the grievance he filed, she informed him that the VFF placed him on an "indefinite suspension." (*Id.*) Six days later, Barnett received a letter that his indefinite suspension turned into a full-time termination for creating a "hostile work environment" and for engaging in "insubordination." (*Id.*) On March 8, 2024, Barnett filed an additional grievance in which he addressed his termination. After the Union told Barnett it would not arbitrate his grievances, he filed charges with the EEOC. (*Id.* at 6)

Barnett then sued VVF in the Circuit Court of the Sixteenth Judicial Circuit in Kane County, Illinois. (Dkt. 1). Barnett filed a three-count claim against VVF for race discrimination in violation of the Illinois Human Rights Act ("IHRA") and Title VII (Count I), retaliation in violation of the IHRA and Title VII (Count II), and retaliation in violation of the Illinois Whistleblower Act ("IWA") (Count III). VVF successfully removed the case to the Northern District of Illinois and filed a partial motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) arguing that the IHRA preempts Barnett's IWA claim. (Dkt. 11).

**LEGAL STANDARD**

"Federal courts are courts of limited subject matter jurisdiction, meaning we have authority to hear cases only where authorized by statute and permitted by the Constitution." *Chapman v. Burke*, 186 F.4th 885, 893 (7th Cir. 2026) (quoting *Satanic Temple, Inc. v. Rokita*, 163 F.4th 1061, 1066 (7th Cir. 2026)). In assessing a Rule 12(b)(1) motion, the Court must ensure it has subject matter jurisdiction to hear the case before it. To make this determination, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Schoeps v. Sompo Holdings, Inc.*, 160 F.4th 815, 820 (7th Cir. 2025), *cert. denied*, 146 S. Ct. 2707 (2026).

**DISCUSSION**

Barnett filed a retaliation claim in violation of the IWA against VVF. VVF has moved to dismiss Barnett's retaliation claim under Rule 12(b)(1) alleging that the IHRA preempts this claim because the IHRA provides the exclusive basis to redress civil rights violations under Illinois law. (Dkt. 11).

Under the IHRA, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."

755 ILCS 5/8-111(d). This preemption provision requires plaintiffs to bring alleged civil rights violations covered by the IHRA under the IHRA only. This includes, in the context of employment cases, retaliation claims against an employee for complaining about race discrimination. 755 ILCS 5/6-101(A) ("It is a civil rights violation for a person … to retaliate against a person because the person has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act.").

Despite the preemption provision in the IHRA, "misconduct that arises in the employment context might still form the basis for a sustainable common-law tort under Illinois law." *Richards v. U.S. Steel*, 869 F.3d 557, 563 (7th Cir. 2017). To determine if the IHRA preempts an employment discrimination claim, "the Illinois Supreme Court has boiled down the inquiry as follows: whether a court 'may exercise jurisdiction over a tort claim depends on whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself.'" *Id.* at 564 (quoting *Maksimovic v. Tsogalis*, 687 N.E. 2d 21, 24 (1997)). In other words, "the concrete question to ask is whether the plaintiff states a valid common-law claim without needing to rely on the rights and duties created by the Human Rights Act." *Id.*

The IWA prohibits an employer from taking "retaliatory action against an employee for disclosing or threatening to disclose to any supervisor, principal officer, board member, or supervisor in an organization that has a contractual relationship with the employer who makes the employer aware of the disclosure, information related to an activity, policy, or practice of the employer if the employee has a good faith belief that the activity, policy, or practice (i) violates a State or federal law, rule, or regulation[.]" 740 ILCS 174/15(c). Barnett alleges VVF violated the IWA when, after he made various reports that he had experienced race discrimination and

harassment, VVF retaliated against Barnett by subjecting him to hostile treatment, suspending him, and eventually, terminating his employment. (Dkt. 1, Ex 1, at 9-10).

The IHRA, however, preempts Barnett's IWA claim. Barnett has not stated a claim under the IWA that relies on rights and duties created independent of the IHRA. His IWA claim explicitly relies on retaliation he faced after he reported acts of race discrimination in violation of anti-discrimination laws. (*Id.* at 57-60). The IHRA preempts these precise claims. *See* 755 ILCS 5/6-101(A); *see e.g. Keen v. Merck Sharp & Dohme Corp.*, 2015 WL 6123578, at *2 (N.D. Ill. Oct. 16, 2015) (holding the IHRA preempts the IWA when plaintiff relies on the same conduct to claim disability discrimination under both statutes); *Hutchens v. Devasiachen*, 2025 WL 692091, at *7 (N.D. Ill. Mar. 4, 2025) (the IHRA preempts plaintiff's state law claims that rely on the "same allegations of civil rights violations" as the IHRA claims); *Pittner v. Advoc. Lutheran Gen.*, 2021 WL 4459514, at *6 (N.D. Ill. Sept. 29, 2021) (because "[t]he IHRA covers race discrimination and retaliation in employment…[t]here is no foundation for [the plaintiff's] IIED claim if Defendants did not discriminate or retaliate against her."). VVF's Partial Motion to Dismiss for lack of subject matter jurisdiction is granted and Count III is dismissed without prejudice.[2]

**<u>CONCLUSION</u>**

[2] The Defendant requested the Court to deny Count III with prejudice, but the Court declines to do so. *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) "Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice").

The Defendant's Partial Motion to Dismiss [11] is granted and Count III is dismissed without prejudice.

Virginia M. Kendall
United States District Judge

Date: November 10, 2026